IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCES LONG WOLLNER ) <br> REVOCABLE TRUST ) <br> c/o The VerStandig Law Firm, LLC ) <br> 9812 Falls Road, #114-160 ) <br> Potomac, Maryland 20854 ) <br> ) <br> and ) <br> ) <br> GEORGE W. WOLLNER REVOCABLE ) <br> TRUST ) <br> c/o The VerStandig Law Firm, LLC ) <br> 9812 Falls Road, #114-160 ) <br> Potomac, Maryland 20854 ) <br> ) <br> and ) <br> ) <br> GEORGE W. WOLLNER ) <br> 1255 Collins Avenue #901 ) <br> Miami Beach, Florida 33139 ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COLUMBIA REIT – MARKET ) <br> SQUARE EAST & WEST, LLC. ) <br> 1170 Peachtree Street, Suite 600 ) <br> Atlanta, George 30309 ) <br> ) <br> Serve: National Registered Agents, Inc. ) <br> 1015 15th Street, NW ) <br> Suite 1000 ) <br> Washington, District of Columbia 20005 ) <br> ) <br> Defendant. | Case No. 1:21-cv-02186-RJL |

**FIRST AMENDED COMPLAINT**

COME NOW the Frances Long Wollner Revocable Trust (the "Frances Trust"), the George W. Wollner Revocable Trust (the "George Trust"), and George W. Wollner ("Mr. Wollner") in his capacity as beneficiary of the George Wollner IRA (collectively, the "Plaintiffs"), by and through undersigned counsel, pursuant to Federal Rule Civil Procedure 15, and as and for their first

1

amended complaint (the "Complaint") against Columbia REIT – Market Square East & West, LLC ("CPT" or the "Defendant") state as follows:

### Parties

1. The Frances Trust is a trust formed for the benefit of Frances Wollner ("Ms. Wollner"), of which Ms. Wollner, a citizen of the State of Florida by virtue of her ongoing domicile therein, is the trustee.

2. The George Trust is a trust formed for the benefit of Mr. Wollner, of which Mr. Wollner, a citizen of the State of Florida by virtue of his ongoing domicile therein, is the trustee.

3. Mr. Wollner is a natural person who is a citizen of the State of Florida by virtue of his ongoing domicile therein.

4. CPT is a limited liability company formed pursuant to the laws of the State of Delaware and having its principal place of business within the State of Georgia.

### Jurisdiction & Venue

5. This Honorable Court enjoys jurisdiction over the instant proceeding pursuant to the allowances of Section 1332 of Title 28 of the United States Code, as the parties hereto are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

6. Venue is properly laid in this Honorable Court pursuant to Section 1391(b)(2) of Title 28 of the United States Code, as a substantial part of the events complained of herein occurred within the District of Columbia.

### General Allegations

7. The George Trust and the Frances Trust are the fee simple owner of that certain condominium unit commonly known as 701 Pennsylvania Avenue, NW, Unit 1123, Washington, DC 20004 (the "1123 Unit"); an individual retirement account for the benefit of Mr. Wollner is

the fee simple owner of that certain condominium unit commonly known as 701 Pennsylvania Avenue, NW, Unit 1124, Washington, DC 20004 (the "1124 Unit") (the 1123 Unit and the 1124 Unit being collectively known as the "Property").

8. The Property sits atop a commercial office building, commonly known as Market Square ("Market Square").

9. In a Form K-8 filed with the United States Securities and Exchange Commission on or about July 29, 2021, Columbia Property Trust, Inc. reports that it owns 51% of Market Square; promotional literature for Market Square found online, at marketsquare-dc.com, bears the exclusive copyright of Columbia Property Trust, Inc.

10. Upon being served with the original pleading herein, however, Columbia Property Trust, Inc. has averred, under oath, that it does not own the Property but, rather, that the Property is owned by CPT.[1]

11. Upon information and belief, CPT is an agent, subsidiary, and/or entity in active concert or participation with Columbia Property Trust, Inc.; where references to communications with CPT are made herein, the same may be understood to be communications with agents and actors of Columbia Property Trust, Inc.

12. The Property is situated proximate to a large elevator bank within the Market Square building, with the same being used to transport tenants, visitors, and employees of CPT on a near-constant basis.

---

[1] Since Columbia Property Trust, Inc. has answered, it cannot be unilaterally dismissed under Federal Rule of Civil Procedure 41(a)(1)(A). The Plaintiffs intend to work with Columbia Property Trust, Inc. to effectuate a stipulation of dismissal without prejudice.

13. Prior to the filing of this case, and continuing after the filing of this case, the noise stemming from the elevators beneath the Property grew to an extreme and otherwise-unacceptable level, severely impacting any quiet enjoyment of the Property.

14. Indeed, it is not merely that someone situated within the Property can hear sounds correlative to the operation of nearby elevators; the sound is of a decibel level that exceeds any acceptable indoor noise standard, and in addition to the disturbing decibels, the noise is regularly accompanied with strong, jarring vibrations that reverberate through the Property.

15. Such reverberations occurred at all hours of day and night prior to and following the filing of this case; it appears CPT may have taken some remedial measures after learning of this case, but the same are still being assessed as of the filing of this amended pleading.

16. The noise and vibrations have been so extreme that a tenant of the IRA Property, renting the unit for his own use and enjoyment, gave written notice two weeks after moving in that he could no longer tolerate living in the noise-filled apartment.

17. The same noise and vibrations have, too, impacted the Plaintiffs themselves, rendering the Property at-best marginally inhabitable, forcing the Plaintiffs to devote significant quantities of their time elsewhere, and generally depriving the Plaintiffs of the use and enjoyment of the Property.

18. Upon information and belief, CPT undertook a putative "modernization" project upon the elevators in Market Square in or about 2020.

19. Unfortunately, and according to CPT's own agent, the "modernization" project had the apparent impact of disturbing insulation components on the 10th floor (one floor below the Property) and, thusly, rendering the noises and vibrations even more abrasive.

20. Accordingly, the Plaintiffs notified CPT of these extraordinary problems; much to the Plaintiffs' surprise, CPT initially demurred to the notification and insisted the noises to be a fictitious – or, at minimum, greatly exaggerated – construct of the Plaintiffs.

21. Then, in April 2021, the Plaintiffs prevailed upon CPT to perform around-the-clock sound testing in the Property, for a week-long study period punctuated by the insertion of testing equipment in the units as well as in a nearby elevator machine room.

22. As part of an informal agreement surrounding the testing of the two units, CPT agreed to have a resulting report prepared and shared with the Plaintiffs (the "Monitoring Report").

23. Yet when CPT received the Monitoring Report, in or about the week of May 10, 2021, CPT refused to share the Monitoring Report – or any of its findings – with the Plaintiffs and indicated additional testing was needed.

24. While ensuing communications between the parties have partially extended into territory potentially within the ambit of Federal Rule of Evidence 408, and accordingly will not be recited herein, two realities remained manifest past the date on which this suit was commenced: (i) the Property remained plagued by extreme noise together with abrasive vibrations; and (ii) CPT had still not shared the Monitoring Report with the Plaintiffs, despite CPT having promised to do so before the subject study was undertaken.

25. As of the filing of this Complaint, the Plaintiffs did not have full use and enjoyment of the Property, the rental value of the 1124 Unit is greatly diminished on account of the IRA's inability to grant full use and enjoyment thereof to any prospective tenant, Mr. Wollner and Ms. Wollner refrain from using the 1123 Unit with the frequency they would otherwise desire because of their inability to achieve peaceful sleep therein, and CPT has taken few outwardly demonstrative steps toward resolving the massive problem its operation of Market Square is causing the Plaintiffs.

26. Following the commencement of this suit, and following the filing of a motion seeking a preliminary injunction, certain actions appear to have been taken by CPT to remedy some of these issues.

27. The Plaintiffs are still investigating the veracity of certain representations of CPT, made after this suit was filed, as to the subject issues having been partially remedied through the post-filing modernization of a single elevator and the routing of traffic to that elevator during overnight hours.

28. Even if the representations of CPT are accurate, however, the same do not serve to remedy all issues in this case, as the routing of traffic is merely on an overnight basis, and the earthquake-esque impact of the other elevators continues to be experienced during daytime hours.

### Count I – Private Nuisance

29. The Plaintiffs incorporate each foregoing paragraph of this Complaint, as though fully set forth herein.

30. CPT's operation of Market Square has created an unreasonable interference with the Plaintiffs' private use of the Property.

31. Specifically, CPT's operation of elevators, without either (i) proper insulation sufficient to quell loid noises and accompanying vibrations; (ii) sufficiently-modern machinery constructed in a manner that avoids the emission of such noises and vibrations, has unreasonably interfered with the Plaintiffs' ability to both use and rent the Property.

32. The subject nuisance is ongoing in nature and has remained extant for several months.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) enjoin CPT, preliminarily and permanently, from operating elevators in Market Square between the hours of

8:00 pm and 8:00 am, unless and until such elevators can be sufficiently insulated – or replaced with quieter models known to be commercially available – so as to not create a private nuisance; (ii) enter judgment in favor of Mr. Wollner, and against CPT, as and for lost rental income attributable to the private nuisance, in the sum of $6,500.00, accruing at the rate of $600 per month from the date of the filing of this Complaint forward; (iii) enter judgment in favor of the Frances Trust and the George Trust, and against CPT, as and for a loss of quiet enjoyment of the 1123 Unit, in the sum of $1,000,000.00; and (iv) afford such other and further relief as may be just and proper.

### Count II - Negligence

33. The Plaintiffs incorporate each foregoing paragraph of this Complaint, as though fully set forth herein.

34. CPT has a duty to not create a nuisance upon the premises of neighboring properties – including Unit 1123 and Unit 1124.

35. CPT has breached this duty by performing a putative "modernization" of its elevator bank that, in reality, disrupted whatever insulation had once been in place and, accordingly, created the noise and vibration issues complained of herein.

36. This breach has caused the Plaintiffs to suffer damages in the form of (i) loss of use and enjoyment of their own property; (ii) loss of rental income; and (iii) the ongoing suffering of an unlawful nuisance.

37. The Plaintiffs have been damaged by this conduct through their loss of use and enjoyment of the Property and the loss of rental income.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) enjoin CPT, preliminarily and permanently, from operating elevators in Market Square between the hours of 8:00 pm and 8:00 am, unless and until such elevators can be sufficiently insulated – or replaced

with quieter models known to be commercially available – so as to abate the ongoing trespass of CPT; (ii) enter judgment in favor of Mr. Wollner, and against CPT, as and for lost rental income attributable to the trespass of CPT, in the sum of $6,500.00, accruing at the rate of $600 per month from the date of the filing of this Complaint forward; (iii) enter judgment in favor of the Frances Trust and the George Trust, and against CPT, as and for a loss of enjoyment of the 1123 Unit, in the sum of $1,000,000.00; and (iv) afford such other and further relief as may be just and proper.

**Count III – Violation of the District of Columbia Consumer Protection Procedures Act**

38. The Plaintiffs incorporate each foregoing paragraph of this Complaint, as though fully set forth herein.

39. The 1123 Unit and the 1124 Unit are both consumer goods within the ambit of Section 28-3901(2)(B) of the District of Columbia Code, as they are real property units a person would purchase and use for personal, household, or family purposes.

40. CPT's operation of the elevator banks within Market Square constitutes a "trade practice" within the ambit of Section 28-3901(6), as it is an "act which does… alter…a sale, lease or transfer, of consumer goods" in the form of the 1123 Unit and the 1124 Unit.

41. Specifically, CPT's operation of the elevator banks within Market Square alters any sale or lease of the 1123 Unit and/or the 1124 Unit by depreciating the value for which the units could be sold, by creating a public nuisance that generally tends to quell the market for any such sale or lease.

42. In violation of Section 28-3904(a) of the District of Columbia Code, CPT has represented that the elevator banks within Market Square have the characteristic and benefit of insulating noise from intruding into residential units situated atop Market Square when, in fact, the elevator banks and their internal machinery have no such characteristic or benefit.

43.     In violation of Section 28-3904(e) of the District of Columbia Code, and in furtherance of its operation of the elevator banks within Market Square, CPT misrepresented a material fact to the Plaintiffs inasmuch as CPT promised it would share with the Plaintiffs the results of the Monitoring Report when, in fact, CPT has failed to do so.

44.     In violation of Section 28-3904(f) of the District of Columbia Code, and in furtherance of its operation of the elevator banks within Market Square, CPT has failed to state a material fact, and in so doing tended to mislead the Plaintiffs, by withholding from the Plaintiffs the Monitoring Report.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) enjoin CPT, preliminarily and permanently, from operating elevators in Market Square between the hours of 8:00 pm and 8:00 am, unless and until such elevators can be sufficiently insulated – or replaced with quieter models known to be commercially available – so as to abate the ongoing violations of the District of Columbia Consumer Protection Procedures Act, pursuant to the allowances of Section 28-3905(k)(2)(D) of the District of Columbia Code; (ii) enter judgment in favor of Mr. Wollner, and against CPT, as and for lost rental income attributable to the deceptive and unfair trade practices of CPT, in the sum of $19,500.00, pursuant to the allowances of Section 28-3905(k)(2)(A)(1) of the District of Columbia Code; (iii) enter judgment in favor of the Frances Trust and the George Trust, and against CPT, as and for punitive damages, in the sum of $1,000,000.00, pursuant to the allowances of Section 28-3905(k)(2)(C) of the District of Columbia Code; (iv) award the Plaintiffs their reasonable attorneys' fees incurred in connection with this suit, pursuant to the allowances of Section 28-3905(k)(2)(B) of the District of Columbia Code; and (v) afford such other and further relief as may be just and proper.

[SIGNATURE ON FOLLOWING PAGE]

                THE VERSTANDIG LAW FIRM, LLC

                /s/ Maurice B. VerStandig
                Maurice B. VerStandig, Esq.
                DC Bar #1034066
                9812 Falls Road, #114-160
                Potomac, Maryland 20854
                Telephone: (301) 444-4600
                Facsimile: (301) 444-4600
                Electronic Mail: mac@mbvesq.com
                *Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 28th day of September, 2021, a copy of the foregoing was served via this Honorable Court's CM/ECF system, with copies to:

Ashley A. Norton, Esq.
Carr Maloney P.C.
2020 K. Street, NW
Suite 850
Washington, DC 20006
ashley.norton@carrmaloney.com
*Counsel for the Columbia Property Trust, Inc.*

Kenneth G. Stallard, Esq.
Carr Maloney P.C.
2020 K. Street, NW
Suite 850
Washington, DC 20006
kenneth.stallard@carrmaloney.com
*Counsel for the Columbia Property Trust, Inc.*

                /s/ Maurice B. VerStandig
                Maurice B. VerStandig