## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FRANCES LONG WOLLNER** | ) | |
| **REVOCABLE TRUST, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Case No. 21-2186 (RJL)** |
| **v.** | ) | |
| | ) | |
| **COLUMBIA REIT MARKET** | ) | |
| **SQUARE EAST & WEST, LLC,** | ) | |
| | ) | |
| **Defendant.** | | |

## MEMORANDUM OPINION
(September 12, 2022) [Dkt. #17]

The Frances Long Wollner Revocable Trust, George W. Wollner Revocable Trust, and George W. Wollner (collectively, "plaintiffs") own two condominium units in the District of Columbia located above a commercial office building operated by Columbia REIT – Market Square East & West, LLC ("CPT" or "defendant"). Plaintiffs allege that the elevators in the commercial building create unbearable noises and vibrations in their units. Seeking injunctive relief and compensatory and punitive damages, plaintiffs filed a three-count complaint alleging common-law claims of private nuisance and negligence and a statutory claim under the District of Columbia Consumer Protection Procedures Act ("CPPA"). *See* Complaint [Dkt. #1]. Defendant now moves to dismiss for failure to state a claim. *See* Def.'s Mot. to Dismiss [Dkt. #17].

Because plaintiffs' claims for negligence and violation of the CPPA fail to state a claim upon which relief can be granted but plaintiffs allege sufficient facts to state a claim for nuisance, the Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

1

## BACKGROUND

### A. Factual Background

Plaintiffs own two condominium units located above a commercial office building, Market Square, at 701 Pennsylvania Avenue NW in Washington, D.C. *See* Amended Complaint ("Am. Compl.") [Dkt. #11] at ¶¶ 7–8. The units are "situated proximate to a large elevator bank" operated by Market Square. Am. Compl. ¶ 12. Plaintiffs allege that "the noise stemming from the elevators" rises to "an extreme and otherwise-unacceptable level, severely impacting any quiet enjoyment of the" units. *Id.* at ¶ 13. The elevators allegedly also cause "strong, jarring vibrations" in plaintiffs' units. *Id.* at ¶ 14. These disruptions occur "at all hours of day and night." *Id.* at ¶ 15. Plaintiffs further allege that the "noise and vibrations have … forc[ed] the [p]laintiffs to devote significant quantities of their time elsewhere" and caused a tenant of one of the units to give "written notice two weeks after moving in that he could no longer tolerate living in the noise-filled apartment." *Id.* at ¶¶ 16–17; *see also id.* at ¶ 25.

In 2020, CPT allegedly began a "'modernization' project" to renovate the elevators. Am. Compl. ¶ 18. Plaintiffs allege that this project "disturb[ed] insulation components …, rendering the noises and vibrations even more abrasive." *Id.* at ¶ 19. Plaintiffs have informed CPT of the disturbances and requested that CPT perform sound testing. *Id.* at ¶¶ 20–21. Defendant allegedly agreed to the testing, but has not shared the resulting report with plaintiffs. *Id.* at ¶¶ 22–24.

### B. Procedural Background

On August 16, 2021, plaintiffs filed a three-count complaint alleging common-law

claims of private nuisance and negligence and a violation of the CPPA and seeking injunctive relief, lost rental income, damages for loss of quiet enjoyment, and punitive damages. *See* Complaint [Dkt. #1].  On the same day, plaintiffs moved for a preliminary injunction, but later withdrew their motion. *See* Mot. for Prelim. Inj. [Dkt. #2]; Notice of Withdrawal of Motion (Sept. 5, 2021) [Dkt. #7].  Plaintiffs subsequently filed their Amended Complaint on September 28, 2021.  Based on defendant's agreement to operate only a "modernized" elevator that does not cause the alleged disturbances during overnight hours, plaintiffs then moved for a consent preliminary injunction, which this Court granted. *See* Consent Mot. for Prelim. Inj. [Dkt. #13]; Minute Order of November 13, 2021.

In the meantime, defendant moved to dismiss plaintiffs' Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. to Dismiss [Dkt. #17].  Defendant's motion is now ripe.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.*  When resolving a Rule 12(b)(6) motion to dismiss, the Court "assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in

3

the plaintiff's favor." *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014).

## ANALYSIS

Defendant argues that plaintiffs fail to state a claim for private nuisance, negligence, and violation of the CPPA.  Def.'s Memo. in Support of Mot. to Dismiss ("MTD") [Dkt. #17-1] at 1.  Unsurprisingly, plaintiffs disagree on all three counts. *See generally* Pls.' Opp. to Def.'s Mot. to Dismiss ("Opp.") [Dkt. #19].  Although I agree with defendant that plaintiffs have not stated a claim to relief for negligence or under the CPPA, I disagree that plaintiffs' private nuisance claim fails at this early stage.  How so?

### A. Private Nuisance

"A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Carrigan v. Purkhiser*, 466 A.2d 1243 (D.C. 1983) (quoting Restatement (Second) of Torts § 821D (1979)).  Unlike trespass, private nuisance "does not require interference with the possession" of land; rather, it is "an interference with the interest in the private use and enjoyment of land." *Carrigan*, 466 A.2d at 1243 (quoting Restatement (Second) of Torts § 821D, comment d (1979)).

Defendant argues that District of Columbia courts "have not yet affirmatively recognized private nuisance as a stand-alone cause of action." MTD at 3.  Although the District of Columbia Court of Appeals has not "viewed favorably" "claims of nuisance" as "independent tort[s]," it "has on occasion recognized an actionable private nuisance." *Wood v. Neuman*, 979 A.2d 64, 78 (D.C. 2009) (internal quotation marks and citations omitted).  Defendant's argument otherwise is therefore unpersuasive.  "To be actionable as

4

a nuisance, the offending thing must be marked by 'some degree of permanence' such that the 'continuousness or recurrence of the things, facts, or acts which constitute the nuisance,' give rise to an 'unreasonable use.'" *Id.* (quoting *Reese v. Wells*, 73 A.2d 899, 902 (D.C. 1950)); *cf. Ortberg v. Goldman Sachs Grp.*, 64 A.3d 158, 167–68 (D.C. 2013) (observing that D.C. nuisance law is "perhaps conflicting or hard to decipher," but recognizing that "case law has been unambiguous in its embrace of the Restatement's definition of 'private nuisance'" and observing that D.C. courts have recognized private nuisance as an actionable claim in some circumstances).

Plaintiffs allege that defendant's operation of elevators without sufficient insulation or other protection "has unreasonably interfered with [their] ability to both use and rent" their condominium units by creating "noises and vibrations." Am. Compl. ¶ 31; *see also id.* at ¶ 13 (alleging that "the noise stemming from the elevators beneath [plaintiffs' units] grew to an extreme and otherwise-unacceptable level, severely impacting any quiet enjoyment of" their property). Moreover, plaintiffs allege that this conduct "is ongoing in nature" and has continued "for several months." *Id.* at ¶ 32; *see also id.* at ¶ 15 (alleging that the disturbance "occurred at all hours and night prior to and following the filing of this case"). As such, plaintiffs' factual allegations are sufficient to survive defendant's motion to dismiss. Of course, to be entitled to *relief*, plaintiffs must support their allegations with evidence in the record that defendant's conduct meets the elements of a private nuisance claim and is sufficiently continuous and extreme to rise to the level of an "actionable private nuisance" under D.C. law. *See Wood*, 979 A.2d at 78. But at this preliminary stage, I find that plaintiffs have set forth factual allegations that, if proven, may give rise to an

actionable claim for private nuisance.   Accordingly, defendant's Motion to Dismiss plaintiffs' private nuisance claim must be DENIED.

### B. Negligence

To state a claim for negligence under D.C. law, a claimant must allege three elements: 1) the defendant owed a duty to the claimant; 2) the defendant breached that duty; and 3) the breach was the proximate cause of the claimant's injury. *Poola v. Howard Univ.*, 147 A.3d 267, 289 (D.C. 2016); *see also Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793 (D.C. 2011).   "[T]he District of Columbia Court of Appeals has chastised" insufficient, formulaic recitations of a claim's elements "specifically in the negligence context." *Roe v. Doe*, 401 F. Supp. 3d 159, 164 (D.D.C. 2019) (citing *Maddox v. Bano*, 422 A.2d 763, 764 (D.C. 1980)).

Under the first element, a "defendant is liable to a plaintiff for negligence only when the defendant owes the plaintiff some duty of care." *Heidi Aviation, LLC v. Jetcraft Corp.*, 573 F. Supp. 3d 182, 197 (D.D.C. 2021) (citation omitted).   "[I]f there is no duty, there can be no breach, and hence no negligence." *Gilbert v. Miodovnik*, 990 A.2d 983, 988 (D.C. 2010) (citation omitted).   "It is the role of the court to determine whether the defendant owed the claimant a duty of care." *McDonald's USA, LLC v. Craft*, 263 F. Supp. 3d 56, 62 (D.D.C. 2017) (citing *Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1087–98 (D.C. 1994)).   To do so, "[t]he court first defines the scope of the defendant's duty and then asks whether the injury was reasonably foreseeable to the defendant at the time of the incident." *McDonald's*, 263 F. Supp. 3d at 62 (citing *Haynesworth*, 645 A.2d at 1098).   The District of Columbia Court of Appeals has "described a court's examination of whether a duty

exists as a 'foreseeability of harm test' that is determined, in large part, by the nature of the relationship between the parties." *Hedgepeth*, 22 A.3d at 794. Because "the relationship between the parties is *the key* to determining whether the defendant had a legally enforceable duty to the plaintiff," there is generally "only a minimal duty—if any—owed to a party who is at arms' length." *Id.* (internal quotation marks and citations omitted).

Here, plaintiffs make only a conclusory allegation as to defendant's duty "to not create a nuisance upon the premises of neighboring properties[.]" Am. Compl. ¶ 34. Their Amended Complaint alleges no facts from which the Court can infer a relationship between the defendant and plaintiffs that creates a duty of care. Moreover, plaintiffs have not pointed to—nor has the Court found—any case in which a D.C. court recognized at common law a freestanding duty to not create a nuisance. At bottom, plaintiff's allegations concerning excessive disruption from a neighboring property sound in nuisance, not negligence. Defendant's Motion to Dismiss plaintiffs' negligence claim is therefore GRANTED.

## C. District of Columbia Consumer Protection Procedures Act

The CPPA governs "procedures and remedies for a broad spectrum of practices which injure consumers." *Krukas v. AARP, Inc.*, 376 F. Supp. 3d 1, 34 (D.D.C. 2019) (citing *Atwater v. District of Columbia Dept. of Consumer & Regulatory Affairs*, 566 A.2d 462, 465 (D.D.C. 1989)). Although the statute is intended to "be construed and applied liberally," *see* D.C. Code § 28-3901(c), it applies only to "trade practices arising out of consumer-merchant relationships," *Krukas*, 376 F. Supp. 3d at 37 (citing *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1129 (D.C. 2015)). Under the CPPA, a "consumer" is one

"who … does or would purchase, lease (as lessee), or receive consumer goods or services"

or a person who "does or would provide the economic demand for a trade practice." D.C.

Code § 28-3901(a)(2). And a "merchant" is an "individual, firm, corporation, partnership,

cooperative, association, or any other organization, legal entity, or group of individuals

however organized" who "in the ordinary course of business does or would sell, lease (to),

or transfer, either directly or indirectly, consumer goods or services" or who "does or would

supply the goods or services which are or would be the subject matter of a trade practice."

D.C. Code § 28–3901(a)(1), (3).

Plaintiffs' Amended Complaint contains no factual allegations suggesting the

existence of a consumer-merchant relationship between plaintiffs and CRT. Although

plaintiffs allege that the condominium units are "consumer goods" within the statutory

definition, they allege no facts from which this Court can infer a consumer-merchant

relationship between plaintiffs and CRT. Accordingly, plaintiffs' CPPA claim must be

dismissed. *See, e.g.*, *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 143–44 (D.D.C.

2013).

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [Dkt. #17] is hereby

GRANTED IN PART and DENIED IN PART. An order consistent with this decision

accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge