UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANCES LONG WOLLNER REVOCABLE TRUST, *et al.* | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No.: 1:21-cv-2186-RJL |
| COLUMBIA REIT – MARKET SQUARE EAST & WEST, LLC | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

**DEFENDANT COLUMBIA REIT – MARKET SQUARE EAST & WEST, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Columbia REIT – Market Square East & West, LLC ("Columbia"), by counsel, CARR MALONEY, P.C., for its Answer to the First Amended Complaint, states as follows:

**FIRST DEFENSE**

The First Amended Complaint, and each claim and count therein, fails to state a cause of action or a claim upon which relief may be based against Defendant.

**SECOND DEFENSE**

Responding to the individually numbered paragraphs of the First Amended Complaint, Defendant states:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the First Amended Complaint. To the extent a response is deemed necessary, the allegations are denied.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint. To the extent a response is deemed necessary, the allegations are denied.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the First Amended Complaint. To the extent a response is deemed necessary, the allegations are denied.

4. It is admitted that Columbia REIT – Market Square East & West, LLC is a Delaware limited liability company. All other allegations contained in Paragraph 4 are denied.

5. The allegations contained in Paragraph 5 consist of legal conclusions and allegations of jurisdiction, to which no response is required. To the extent a response is deemed necessary, Defendant denies that the amount in controversy exceeds the sum of $75,000.

6. The allegations contained in Paragraph 6 consist of legal conclusions and allegations of venue, to which no response is required.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Number 7 of the First Amended Complaint. To the extent a response is deemed necessary, the allegations are denied.

8. It is admitted that 701 Pennsylvania Avenue, NW, Unit 1123, Washington, DC 20004 and 701 Pennsylvania Avenue, NW, Unit 1124, Washington, DC 20004 are within a building that includes commercial office space. All other allegations contained in Paragraph 8 are denied.

9. Defendant affirmatively avers that by Confirmatory, Special Warrant Deed dated October 30, 2015, and filed among the records of the District of Columbia Recorder of Deeds as Doc #: 2016003820, Columbia REIT – Market Square East & West, LLC acquired a fee simple

interest in the office building portion of 701 Pennsylvania Avenue, N.W., Washington, D.C. Defendant does not own or have any management obligations related to the residential properties that are located at 701 Pennsylvania Avenue, N.W., Washington, D.C.  It is admitted that promotional literature for Market Square found on-line at marketsquare-dc.com, bears the exclusive copyright of CPT.  All other allegations contained in Paragraph 9 are denied.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. It is admitted that an elevator modernization program was undertaken. All other allegations contained in Paragraph 15 are denied.

16. Denied.

17. Denied.

18. It is admitted that an elevator modernization program was undertaken. All other allegations contained in Paragraph 18 are denied.

19. Denied.

20. Denied.

21. It is admitted that sound testing was performed.  All other allegations in Paragraph 21 are denied

22. Denied.

23. It is admitted that no report of sound testing was provided to Plaintiffs.  All other allegations contained in Paragraph 23 are denied.

24. It is admitted that no report of sound testing was provided to Plaintiffs. All other allegations contained in Paragraph 24 are denied.

25. Denied.

26. It is admitted that an elevator modernization program was undertaken. All other allegations contained in Paragraph 26 are denied.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the First Amended Complaint. To the extent a response is deemed necessary, the allegations are denied.

28. Denied.

## COUNT I

29. Defendant incorporates by reference its responses to Paragraphs 1 through 28 of the First Amended Complaint.

30. Denied.

31. Denied.

32. Denied.

## COUNT II

33. Defendant incorporates by reference its responses to Paragraphs 1 through 32 of the First Amended Complaint.

34. The allegations contained in Paragraph 34 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT III

38. Defendant incorporates by reference its responses to Paragraphs 1 through 37 of the First Amended Complaint.

39. The allegations contained in Paragraph 39 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

40. The allegations contained in Paragraph 40 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the Economic Loss Doctrine.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of coming to the nuisance.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of settlement and release.

## **NINTH DEFENSE**

Plaintiffs' claims are barred by their own contributory negligence.

## **TENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of estoppel.

## **ELEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

WHEREFORE, Defendant Columbia REIT – Market Square East & West, LLC, prays that the First Amended Complaint against it be dismissed with prejudice with costs assessed against Plaintiffs, plus such further relief as this Court may deem just and proper.

**DEFENDANT DEMANDS A JURY TRIAL ON ALL CLAIMS AND ISSUES SO TRIABLE**

COLUMBIA REIT – MARKET SQUARE EAST & WEST, LLC
By Counsel

CARR MALONEY P.C.

*/s/ Kenneth G. Stallard*
Kenneth G. Stallard, D.C. Bar No. 419443
2000 Pennsylvania Ave. N.W., Ste. 8001
Washington, DC  20006
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
kenneth.stallard@carrmaloney.com
*Attorney for Defendant Columbia REIT – Market Square East & West, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on the 21st day of September 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will forward copies to the following counsel of record:

>Maurice B. VerStandig, Esq.
>THE VERSTANDIG LAW FIRM, LLC
>9812 Falls Road, #114-160
>Potomac, Maryland 20854
>*Attorney for Plaintiffs*

>>*/s/ Kenneth G. Stallard*_____
>>Kenneth G. Stallard